IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 25, 2001

## ANTHONY P. JONES v. STATE OF TENNESSEE

**Appeal as of Right from the Criminal Court for Davidson County**
**No. 98-B-932     Walter C. Kurtz, Judge**

---

### No. M2000-01416-CCA-R3-PC - Filed July 18, 2001

---

The petitioner, Anthony P. Jones, pled guilty in the Davidson County Criminal Court to three counts of aggravated sexual battery and received consecutive sentences of ten years for each count for a total effective sentence of thirty years. Subsequently, the petitioner filed a petition for post-conviction relief claiming that he received ineffective assistance of counsel and that his guilty pleas were involuntary and unknowing. The post-conviction court denied his petition. Consequently, the petitioner presents the following issue for our review: whether the post-conviction court erred in denying his claim for post-conviction relief. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

C. LeAnn Smith (post-conviction) and Laura Dykes (trial), Nashville, Tennessee, for the appellant, Anthony P. Jones.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; Helen M. Donnelly and Tom Thurman, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

#### I. Factual Background

Pursuant to incidents occurring between January 1, 1997, and August 1, 1997, the petitioner was charged with the child rape and aggravated sexual battery[1] of R.T., who was six years

---

[1] The trial court gave the following synopsis of the charges against the petitioner at the beginning of the guilty plea hearing:

(continued...)

old at the time of the offenses, and C.B., who was nine years old at the time of the offenses.[2] On the Friday before trial, which was scheduled to begin the following Monday, the petitioner moved for a continuance in order to investigate recently discovered evidence regarding the victims' history of making similar accusations of abuse against other individuals. After a hearing, the trial court denied the motion. Immediately following the trial court's denial of the continuance, the petitioner discussed his options with counsel and decided to plead guilty to three counts of aggravated sexual battery and receive a sentence of ten years incarceration in the Tennessee Department of Correction for each conviction. The petitioner further agreed to serve the sentences consecutively for a total effective sentence of thirty years, one hundred percent (100%) of which he would serve in confinement.

After the entry of the guilty pleas, the petitioner filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel because his trial counsel failed to properly prepare for trial, failed to share evidence with the petitioner, failed to adequately explain the plea agreement, and met infrequently with the petitioner. Additionally, the petitioner claimed that his guilty pleas were neither voluntary nor knowing because, at the time of the guilty pleas, he misunderstood the meaning of the word "consecutively" and thought that he would only have to serve ten years in confinement.

After an evidentiary hearing, at which only the petitioner and his trial counsel testified, the post-conviction court denied the petition for relief. Specifically, the post-conviction court discredited the petitioner's testimony and accredited trial counsel's testimony, concluding that counsel thoroughly investigated the case and explained all aspects of the case and the plea to the petitioner. The petitioner now appeals this decision.

## II. Analysis

We begin by noting that, to be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999), perm. to appeal denied, (Tenn. 2000) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury

---

[1](...continued)

> You're charged in this case . . . with a number of offenses, Counts One through Four and Six through Nine, you're charged with rape of a child. . . . And you're charged in Counts Five and Ten with aggravated sexual battery. . . .

[2] It is the policy of this court to identify minor victims of sex crimes only by their initials.

verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). Recently, in Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001) (citations omitted), our supreme court further explained the standard of review in cases of ineffective assistance of counsel by stating:

> a [post-conviction] court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. However, a [post-conviction] court's *conclusions of law*--such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely *de novo* standard, with no presumption of correctness given to the [post-conviction] court's conclusions.

A. Ineffective Assistance of Counsel

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

The petitioner testified that, during the course of counsel's representation, he met with counsel six or seven times with each session lasting only 30 to 45 minutes. The petitioner claims that these meetings were insufficient. Additionally, in his brief, the appellant contends that, when he did meet with counsel, the State's evidence was not shared with him. However, at the post-conviction hearing, the only evidence the petitioner alleged that counsel did not "go over" with him is the "Kentucky evidence." The petitioner himself did not explain the nature or significance of the "Kentucky evidence"; however, trial counsel later testified that

> [v]ery late in the game I was able to track down the doctor who--[the victims] have made allegations throughout the years involving numerous people, and I thought that was extremely relevant to our defense. And very late . . . the week before trial, I found the doctor who had practiced in Kentucky and seen one of [the victims] here in Tennessee.

Additionally, the petitioner complained that he felt pressured on the day of his guilty plea because the trial judge had denied his motion for a continuance to explore this new evidence. The petitioner further stated that he was rushed into signing the guilty plea, and counsel failed to adequately explain the plea.

Contrary to the petitioner's testimony, the petitioner's trial counsel testified at the post-conviction hearing that she met at least once a month with the petitioner, spent a minimum of fourteen hours with the petitioner, and fully shared all of the evidence in the case with the petitioner. Counsel also maintained that she thoroughly investigated the petitioner's case. Counsel explained that, although she moved for a continuance in order to investigate the evidence concerning the victims' past accusations of sexual misconduct, the trial court denied the motion.

Counsel testified that, after the motion for continuance was denied, she talked with the petitioner and they reviewed his options. Counsel assessed the State's evidence against the petitioner and stated that the evidence was "pretty good." Additionally, counsel expressed that the petitioner's version of the events surrounding the charge would not have been effective in court. Specifically, counsel testified that the petitioner contended that,

> while he did not actively seek out these girls to have intercourse with them, that they sought him out and manipulated him while he was asleep so that he would wake up having--you know, currently penetrating or having penetrated them. His defense. . . was that he didn't intend to have sex with them.

The State had originally offered to allow the petitioner to plead guilty to two counts of child rape and receive a sentence of forty years incarceration to be served at one hundred percent (100%). However, subsequent to reviewing his options after the trial court denied a continuance, the petitioner offered to plead guilty to three counts of aggravated sexual battery and receive consecutive sentences of ten years incarceration for each count for a total effective sentence of thirty years. The State accepted this offer. Counsel further testified that she reviewed the plea agreement with the petitioner and would have answered any questions that the petitioner had concerning the agreement.

The post-conviction court specifically stated that it credited counsel's version of events and labeled the petitioner's testimony "disingenuous and not credible." See Charles Dwight Farrar v. State, No. 01C01-9810-CC-00393, 1999 WL 1063411, at *3 (Tenn.. Crim. App. at Nashville, November 24, 1999), perm. to appeal denied, (Tenn. 2000). At the conclusion of the post-conviction hearing, the court stated that

> there is no proof of ineffective assistance of counsel here. In fact, I don't even have to make the jump to the prejudice [prong.] There's no indication here that [counsel] did other than effectively investigate this case and represent the defendant.

See John Waters v. State, No. M2000-00496-CCA-R3-PC, 2001 WL 261549, at *5 (Tenn. Crim. App. at Nashville, March 16, 2001). We can find nothing in the record to preponderate against this

finding. Accordingly, we conclude that the petitioner received effective representation by trial counsel.

## B. Guilty Pleas

Additionally, the petitioner claims that his guilty pleas were not knowing or voluntary because he did not understand the meaning of the word "consecutive," and therefore he did not understand the sentence he was receiving by pleading guilty. In determining whether the petitioner's guilty pleas were knowing and voluntary, this court looks to the following factors:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn.1993).

The petitioner concedes that, prior to the entry of the guilty plea, he knew the sentence he would receive was "[t]hree tens at 100 percent . . .[but] I wasn't told the meaning of consecutive, concurrent." Conversely, counsel testified that not only did she explain consecutive sentencing to the petitioner and inform him that his sentences would run consecutively, she also "broke it down into how many calendar years that would take." Counsel testified that she believed that the petitioner understood the sentence he would receive upon pleading guilty. See Harry E. Conklin v. State, No. 01C01-9708-CR-00347, 1999 WL 90184, at *1 (Tenn. Crim. App. at Nashville, February 24, 1999).

Furthermore, at the guilty plea hearing, both the State and the trial court repeatedly informed the petitioner that he would receive a total effective sentence of thirty years and would be required to serve one hundred percent (100%) of his sentence in confinement. Waters, No. M2000-00496-CCA-R3-PC, 2001 WL 261549, at *6. Moreover, at the guilty plea hearing, the petitioner testified that he was entering the plea freely and voluntarily after discussions with counsel. The petitioner also assured the trial court that he was aware of the rights he was relinquishing by pleading guilty. See Steven D. Harris v. State, No. 01C01-9611-CR-00489, 1997 WL 776362, at *3 (Tenn. Crim. App. at Nashville, December 17, 1997). Additionally, at the post-conviction hearing, the petitioner admitted that he has previously pled guilty to other offenses, which demonstrates his familiarity with the criminal justice system. See State v. Timothy M. Reynolds, Nos. 01C01-9809-CC-00365 and M1998-00059-CCA-R3-CD, 2000 WL 14702, at *3 (Tenn. Crim. App. at Nashville, January 7, 2000).

The post-conviction court found that trial counsel fully informed the petitioner as to the length of his sentence. Additionally, the court stated that 'it was clear from the colloquy [at the guilty plea hearing] that that was a 30-year sentence." The record supports the post-conviction court's finding that the petitioner's plea was knowingly and voluntarily entered. See Eric LaVaughn

-5-

Anderson v. State, No. 03C01-9508-CR-00224, 1996 WL 397456, at *5 (Tenn. Crim. App. at Knoxville, July 15, 1996).

## III.  Conclusion

Concluding that there was no error in the findings of the post-conviction court, we therefore affirm its judgment.

_____
NORMA McGEE OGLE, JUDGE